THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACOB BERNOFF, THOMAS MCADAM, MURRAY GABAEFF, EDWARD TAYLOR, ABRAHAM LICHTENSTEIN, CHARLES GREEN, JEREMIAH BUCKLEY, GEORGE BLUME and JOHN MURPHY, Appellants.

Argued December 6, 1943; decided March 10, 1944.

*I. Maurice Wormser* and *Jacob W. Friedman* for Jacob Bernoff and others, appellants. I. The court erred in admitting much unconnected and irrelevant evidence of a fatally prejudicial character, over defendants' objections and exceptions and motions to strike and for the declaration of a mistrial. Though

this evidence ultimately was stricken at the end of the trial before the case was submitted to the jury, it constituted such prejudice that defendants, in consequence, did not have the fair and impartial trial to which they were entitled. (*People v. Robinson,* 273 N. Y. 438; *People v. Conrow,* 200 N. Y. 356; *People v. Posner,* 273 N. Y. 184; *People v. Creasy,* 236 N. Y. 205; *People v. Fielding,* 158 N. Y. 542; *People v. 'Davey,* 179 N. Y. 345; *People v. Cohen,* 148 App. Div. 205, 211 N. Y. 607; *People v. Guardino,* 286 N. Y. 132.) II. Reversible error was committed by improperly receiving in evidence, and refusing to strike, the 'irrelevant and damaging testimony of defendants' alleged acts of violence in connection with an inter-union controversy for control of the employees of Lincoln Farms — entirely unrelated to any claimed extortion or conspiracy to extort. (*People v. Zackowitz,* 254 N. Y. 192; *People v. Richardson,* 222 N. Y. 103; *People v. Malkin,* 250 N. Y. 185; *People v. Molineux,* 168 N. Y. 264.) III. Reversible error was committed by the improper and prejudicial reception of evidence from an agent for the New York State Tax Commission, who testified that two of the defendants, who did not take the witness stand, failed to file their State income tax returns for 1938–40. (*People v. Richardson,* 222 N. Y. 103; *People v. Zackowitz,* 254 N. Y. 192; *People v. Freeman,* 203 N. Y. 267; *Lamb v. Union Ry. Co.,* 195 N. Y. 260.) IV. The court erred in its procedure in determining the competency of the People's main witness, Kennedy. (*Rider v. Miller,* 86 N. Y. 507; *People v. Farrell,* 31 Cal. 576; *Matter of Baker,* 176 Cal. 430; *Ellarson v. Ellarson,* 198 App. Div. 103; *People v. Enright,* 356 Ill. 221.)

*Thomas L. J. Corcoran* and *Arthur A. Klotz* for Abraham Lichtenstein, appellant. I. The evidence dealing with Lichtenstein was insufficient as matter of law to warrant the submission of his case to the jury. (*People v. Bearden,* 290 N. Y. 478.) II. Kennedy's testimony regarding Lichtenstein was not corroborated as required by law. (*People v. Kress,* 284 N. Y. 452; *People v. Cohen,* 223 N. Y. 406; *People v. Courtney,* 28 Hun 589; *Ormsby v. People of the State of N. Y.,* 53 N. Y. 472; *People v. Yannicola,* 133 App. Div. 885; *People v. O'Farrell,* 175 N. Y. 323.)

*Frank S. Hogan, District Attorney* (*Stanley H. Fuld, Alan J. Elliot* and *Harold Roland Shapiro* of counsel), for respondent.

I. The guilt of the appellants was established beyond a reasonable doubt. (*People* v. *O'Farrell,* 175 N. Y. 323; *People* v. *Cohen,* 223 N. Y. 406.) II. The testimony, subsequently stricken, was, except for a small portion, competent and admissible; in any event, that evidence was cumulative in nature and the court's action in striking it from the record and directing the jury to disregard it effaced all possible prejudice. (*People* v. *Warder,* 231 App. Div. 215; *People* v. *Barnes,* 202 N. Y. 77.) III. The evidence concerning the assault at Lincoln Farms, constituting an integral part of the conspiracy, was properly admitted. IV. The evidence that Taylor and Gabaeff failed to file State income tax returns from 1938 through 1940 was properly received. (*People* v. *O'Neill,* 112 N. Y. 355; *People* v. *Gallagher,* 288 N. Y. 674; *People* v. *Buchalter,* 289 N. Y. 181; *People* v. *Molineux,* 168 N. Y. 264; *People* v. *Doty,* 175 N. Y. 164; *People* v. *Peckens,* 153 N. Y. 576.) V. The procedure adopted by the court in determining the competency of the witness Kennedy was proper. (*Barker* v. *Washburn,* 200 N. Y. 280; *Fritsch* v. *Central Trust Co.,* 262 App. Div. 551; *Ellarson* v. *Ellarson,* 198 App. Div. 103; *New York Evening Post Co.* v. *Chaloner,* 265 F. 204.)

*Per Curiam.* All of the appellants above named were found guilty of conspiracy to extort and of various separate crimes of extortion. We conclude that as to appellants Bernoff, McAdam, Gabaeff, Taylor, Green, Blume and Murphy, the evidence is sufficient on all the counts on which they were found guilty and that there were no serious errors on the trial. As to appellants Lichtenstein and Buckley, however, we come to a different conclusion. As to appellant Lichtenstein there was no sufficient corroboration of the testimony of the accomplice Kennedy and as to appellant Buckley there is no sufficient showing that he knowingly joined the conspiracy or knowingly did anything to further it, or that he was guilty of any of the alleged acts of extortion.

As to the defendants Abraham Lichtenstein and Jeremiah Buckley the judgment should be reversed and the indictment dismissed as to them; as to the other defendants, the judgment should be affirmed. (See 292 N. Y. 642.)

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly.